```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

Sandra Larracuenta and            )
John Larracuenta,                 )
                                  )
Plaintiffs,                       )
                                  )
   v.                             )    NO. 3:07-CV-257
                                  )
United States Postal Service,     )
                                  )
Defendant.                        )

## OPINION and ORDER

This matter is before the Court on the Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint for Failure to Exhaust Administrative Remedies (D.E. # 8) filed October 22, 2007. For the reasons set forth below, this motion is **GRANTED**. Claim II of the Plaintiffs' complaint is dismissed for lack of subject matter jurisdiction.

BACKGROUND

Plaintiffs, Sandra Larracuenta and John Larracuenta, bring their lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) ("FTCA"). Plaintiffs' Complaint (D.E. # 1) alleges a cause of action for damages arising out of a slip and fall incident which occurred on October 3, 2006. Specifically, Plaintiffs claim that Plaintiff, Sandra Larracuenta, "tripped and fell over an improperly positioned and placed floor rug" in the South Bend, Indiana, Chippewa Branch Post Office causing Plaintiffs' damages. In Count

II, Plaintiff, John Larracuenta, alleges a cause of action under the FTCA for loss of consortium caused by the injuries sustained by Plaintiff, Sandra Larracuenta.

Sandra Larracuenta filed an administrative claim with the United States Postal Service ("USPS") dated December 14, 2006, claiming $250,000 in personal injury damages, but John Larracuenta is not named as a claimant. John Larracuenta has failed to file an administrative claim with the USPS for his alleged injuries and damages arising out of the October 2, 2006, incident.

DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12 (b)(1). Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In Re Chicago, Rock Island, & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the Plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996).

Actions against the United States for money damages are barred by the doctrine of sovereign immunity except to the extent that Congress has explicitly expressed consent to be sued. *United States v. Mitchell*, 445 U.S. 535 (1980). The FTCA is a limited waiver of the United States' sovereign immunity. The FTCA requires a claimant to file a notice of tort claim with the appropriate federal agency before filing suit against the United States. 28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113 (1993). If the tort claim is not submitted in writing to the appropriate federal agency within two years of the claim's accrual, suit in federal court is forever barred. 28 U.S.C. § 2401(b); *McNeil*, 508 U.S. at 109. Failure to file a tort claim is not merely a precondition to filing suit, but is jurisdictional and noncompliance divests the Court of subject matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 927 (7th Cir. 1986)(citing *Charlton v. United States,* 743 F.2d 557, 558 (7th Cir. 1984)).

As the uncontested facts show, John Larracuenta did not timely file a tort claim notice with the USPS. Accordingly, this Court dismisses Claim II of the complaint for lack of subject matter jurisdiction.

CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint for Failure to Exhaust Administrative Remedies (D.E. # 8) is **GRANTED**.


**DATED: December 6, 2007**          /s/ RUDY LOZANO, Judge
                                     **United States District Court**